IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BROADCAST MUSIC, INC., et al.,

                                    Plaintiffs,                    Case No. 3:14 CV 1288

            -vs-
                                                                  MEMORANDUM   OPINION

J & S ENTERTAINMENT, INC., et al.,

                                    Defendants.

KATZ, J.

        This matter is before the Court on Plaintiffs' motion for a default judgment pursuant to

Federal Rule of Civil Procedure 55(b)(2) against Defendants J & S Entertainment, Inc. d/b/a

Piasan's, Joseph J. Levi, III, and Scott T. Lyons.  Entry of default having now been made by the

Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) against said Defendants for

failure to plead or otherwise defend this matter within the time prescribed by the rules (Doc. No.

15), the Court finds the motion to be well-taken.  Furthermore, the Court is satisfied with Plaintiffs'

submission of evidence regarding the amount of damages sustained.

        Therefore, Plaintiffs' motion for a default judgment is granted and judgment is entered

against J & S Entertainment, Inc. d/b/a Piasan's, Joseph J. Levi, III, and Scott T. Lyons.  Damages

are awarded in the amount of $14,150.00, plus statutory interest and court costs.  In addition,

Defendants, their agents, servants, employees, and all persons acting under their

permission and authority, are enjoined and restrained from infringing, in any manner, on the

copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502.

On February 20, 2015, Defendants moved for leave to file an answer to Plaintiffs' complaint (Doc. No. 18), failing to acknowledge that the Clerk of Court had already entered a default judgment against them on December 5, 2015.  In their motion to amend, the Defendants state they "just received notice of this lawsuit on February 9, 2015."

On March 16, 2015, Defendants filed an amended motion for leave to file an answer, along with an affidavit from Defendant Lyons.  (Doc. No. 20).  In this motion, Defendants' counsel now states that "Defendants attorney just received notice of this lawsuit on February 9, 2015," contradicting the previous statement that Defendants received the complaint on that date.  (Doc. No. 18, p. 1; Doc. No. 20, p. 1).  Plaintiffs have filed a response (Doc. No. 22), and Defendants have not filed a reply.

Service of process was effectuated against the Defendants after July 30, 2014.  (Doc. Nos. 9, 11).  Plaintiffs have submitted evidence establishing that Defendant Lyons engaged in conversations with Plaintiffs' attorney as early as September 9, 2014, regarding this action.  (Doc. No. 19-1).  Although Defendants' counsel may not have received notice of the lawsuit until February 9, 2015, this does not excuse the fact that the time to file an answer is long overdue. Therefore, Defendants' motions to file their extremely late answer is denied.

Even if the Court would liberally construe the motions to file the answer as a request to set aside the default judgment pursuant to Federal Rule of Civil Procedure 55(c), the motions must still be denied.

Rule 55(c) provides:  "The court may set aside an entry of default for good cause, and it may set aside a default judgment under [Federal] Rule [of Civil Procedure] 60(b)."  Under the

2

"good cause" standard of Rule 55(c), "the district court enjoys considerable latitude" to grant a defendant relief from a default entry. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "In determining whether good cause exists, the district court must consider: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (internal quotation marks and brackets omitted).

The record establishes that the services of process were not returned to the Clerk of Court. Plaintiffs state that Defendant Lyons engaged in conversations with their attorney as early as September 9, 2014, regarding this action. (Doc. No. 19-1). However, Defendant Lyons asserts a date of December 12, 2014. (Doc. No. 20-1). As service of process was properly effectuated on the Defendants and Defendant Lyons's discussions with Plaintiffs' counsel establishes knowledge of the action, the Defendants are culpable for the default. *$22,050.00 U.S. Currency*, 595 F.3d at 324.

The next element of good cause the Court must consider is whether Defendants have a meritorious defense. *Id*. The Defendants' proposed answer and briefs in support of filing the answer sets forth no meritorious defense. Therefore, the second element for good cause under Rule 55(c) has not been satisfied. *Id*.

The Court further concludes that the Plaintiffs will be prejudiced if the default judgment is vacated. *Id*. Plaintiffs' original complaint was filed on June 13, 2014. Service of process was effectuated after July 30, 2014. A default judgment was entered on December 5, 2014. Given the time, expense, and effort which Plaintiffs have expended to not only settle the litigation, but to

3

also properly seek the reimbursement of damages, vacating the default judgment will prejudice

Plaintiffs.  *Id*.

Rule 55(c) also allows for the default judgment to be set aside under Rule 60(b).  Rule

60(b) provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On
motion and just terms, the court may relieve a party or its legal representative from
a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been
discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier
judgment that has been reversed or vacated; or applying it prospectively is no
longer equitable; or

(6) any other reason that justifies relief.

Defendants are not entitled to relief under Rule 60(b).  Rule 60(b)(1) is not applicable as

the default judgment is not a result of a mistake, inadvertence, surprise, or excusable neglect.

Service of process was properly effectuated and discussions between the parties establish the

Defendants' awareness of the existence of the litigation.  Rule 60(b)(2) is not applicable as there is

no newly discovered evidence.  The default judgment was not a result of fraud, misrepresentation,

or misconduct by the Plaintiffs.  Thus, Rule 60(b)(3) is not applicable.  The judgment is not void,

nor has the judgment been satisfied, released, or discharged, making Rules 60(b)(4) and (5) inapplicable.

The final provision which could possibly apply is Rule 60(b)(6).  Relief under Rule 60(b)(6) is available only in exceptional or extraordinary circumstances.  *Henness v. Bagley*, 766 F.3d 550, 553–54 (6th Cir. 2014), *cert. denied,* 2015 WL 302617 (U.S. Mar. 30, 2015) (No. 14-8109).  Rule 60(b) relief is "circumscribed by public policy favoring finality of judgments and termination of litigation."  *Waifersong*, 976 F.2d at 292.  This is especially true with Rule 60(b)(6) which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (internal quotation marks omitted).  This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b).  *Id*.  Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity *mandate* relief."  *Id*. (emphasis in original).

The motions do not establish exceptional or extraordinary circumstances warranting such relief.  The case is quite simple.  Plaintiffs properly served their complaint on the Defendants.  The parties engaged in negotiations which failed.  Defendants did not file an answer to the complaint.  This scenario is not exceptional or extraordinary.  Therefore, Rule 60(b)(6) relief is not applicable in this case.  Even giving the Defendants the benefit of the doubt and construing their requests to file their answer as motions to set aside the default judgment, the motions do not entitle the Defendants to relief under Rule 55(c).

5

Conclusion

Accordingly, Defendants' motions to file an answer are denied.  Plaintiffs' motion for a default judgment is granted and judgment is entered against J & S Entertainment, Inc. d/b/a Piasan's, Joseph J. Levi, III, and Scott T. Lyons.  Damages are awarded in the amount of $14,150.00, plus statutory interest and court costs.  Defendants, their agents, servants, employees, and all persons acting under their permission and authority, are enjoined and restrained from infringing, in any manner, on the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502.

IT IS SO ORDERED.

    S/ *David A. Katz*     
DAVID A. KATZ
U. S. DISTRICT JUDGE

6